# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
         )
    v.            )     ID No. 1803009090, 1809005953
         )
TYION ROBINSON,     )
         )
    Defendant.     )
         )

Date Submitted:  October 26, 2023
Date Decided:  November 21, 2023

## <u>ORDER</u>

Upon consideration of Defendant Tyion Robinson's ("Robinson") Letter Request for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)    On May 7, 2018, Robinson was indicted in the case ending in 9090 ("the A Case").[2]  On September 24, 2018, Robinson pled guilty in the A Case to Robbery Second (IN18-04-0203)[3] and was sentenced as follows: for Robbery Second, 5 years at Level V suspended immediately for 2 years at Level IV DOC

---

[1] D.I. 27A, D.I. 44B.  Robinson submitted a letter to the Court asking for his Level V sentence to be amended.  While he did not explicitly move under Rule 35(b), the Court reviews his letter as such.
[2] D.I. 5A.
[3] D.I. 16A.

Discretion, suspended after 6 months for 1 year at Level III.[4]

(2)     On November 5, 2018, Robinson was indicted in the case ending in 5953 ("the B Case").[5]  On September 9, 2019, Robinson pled guilty in the B Case to Assault Second (IN18-09-1114) and Robbery Second (IN18-09-1112),[6] and was sentenced as follows: for Assault Second, 8 years at Level V, suspended for 1 year at Level III; and for Robbery Second, 5 years at Level V, suspended after 2 years for 1 year Level III GPS.[7]

(3)     On August 5, 2022, Robinson was found in violation of probation ("VOP")[8] on the Robbery Second in the A Case, and the Assault Second and Robbery Second in the B Case.[9]

(4)     Robinson's VOP sentence in the A Case is as follows: Robbery Second VOP (VN18-04-0203-01), 5 years at Level V suspended after 6 months, for 1 year Level III GPS.[10]

(5)     His VOP sentence in the B Case is: Assault Second VOP (VN18-09-1114-01), 8 years at Level V, suspended after 6 months, for 1 year Level III GPS;

---

[4] D.I. 17A.
[5] D.I. 6B.
[6] D.I. 36B.
[7] D.I. 37B.  In addition, Robinson is ordered to pay restitution in the amount of $800.00.  *Id.*
[8] At that time, Robinson was serving his Level IV sentence in the A Case and scheduled to serve his Level III GPS sentence in the B Case.
[9] D.I. 25A, D.I. 42B.
[10] D.I. 26A.

2

and for Robbery Second VOP (VN18-09-1112-01), 3 years at Level V, suspended for 1 year Level III GPS.[11]

(6)    Robinson filed the instant Motion on October 26, 2023.[12]  He asks the Court to modify his VOP Sentences by either "tak[ing] 6 months off of the 1 year [Level V time] . . . or the whole year for completion of [] [a] 90 day Program" or to run the sentences concurrent.[13]  In support of his request, Robinson states he is half way done with a 6 month program called, "Thinking Things Through," and that he has a "great support system."[14]

(7)    Rule 35(b) governs motions for modification or reduction of sentence.[15] "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[16]  Rule 35(b) also mandates that "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[17]  "[T]his bar is absolute and flatly 'prohibits repetitive

---

[11] D.I. 43B.
[12] D.I. 27A, D.I. 44B.
[13] D.I. 27A, D.I. 44B.
[14] D.I. 27A, D.I. 44B.
[15] Super. Ct. Crim. R. 35(b).
[16] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When [] a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[17] Super. Ct. Crim. R. 35(b) (emphasis added).

requests for reduction of sentence.'"[18]

(8)    Robinson's Motion is procedurally barred as untimely.  Robinson filed the instant Motion on October 30, 2023,[19] more than a year past the ninety-day window.[20]

(9)    The Court may only consider an untimely Rule 35(b) motion in two circumstances: when a movant demonstrates "extraordinary circumstances" or when the motion is filed pursuant to 11 *Del. C.* § 4217.[21]  Robinson has not identified any "extraordinary circumstances,"[22] and his Motion was not filed pursuant to 11 *Del. C.* § 4217.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Robinson's Letter Request for Sentence Modification is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

---

[18] *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015) (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002)).
[19] D.I. 27A, D.I. 44B.
[20] The Court sentenced Robinson on August 5, 2022.  D.I. 26A, D.I. 43B.
[21] Super. Ct. Crim. R. 35(b).
[22] *See State v. Remedio*, 108 A.3d 326, 332 (Del. Super. 2014) (explaining that extraordinary circumstances must specifically justify the delay, be beyond the movant's control, and be the reason the movant was prevented from timely filing).

Original to Prothonotary

cc:    Jillian L. Schroeder, DAG
        Tyion Robinson (SBI# 00801096)